IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCO MEDINA-SALAS,<br><br>    Plaintiff,<br><br>v.<br><br>TYSON FRESH MEATS, INC.,<br><br>    Defendant. | No. 4:05CV3211<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

Plaintiff Marco Medina-Salas ("Plaintiff") and Defendant Tyson Fresh Meats, Inc. ("Tyson") stipulate that a Protective Order should be issued and that all documents and information described herein and produced by Tyson are governed by the following:

1. Tyson shall stamp or declare as "CONFIDENTIAL" the documents that will be covered by this Order, and such stamp shall be preserved on the copies of such documents, including pages of any deposition transcript or exhibit which discloses or discusses the protected information, for all documents it deems proprietary and confidential, including, but not limited to, documents pertaining to individuals outside of Plaintiff that were or are employed by Tyson.

2. This Stipulation for Protective Order shall be without prejudice to the right of any of the parties to this action (i) to seek any further Protective Order; or (ii) by application and notice, to seek relief from any provision of this Stipulation for Protective Order and the Protective Order contemplated hereby on any ground. During the pendency of any challenge to the applicability of this Stipulation for Protective Order to any document, information or thing, however, said document, information or things shall remain subject to the provisions of this Stipulation for Protective Order and the Protective Order contemplated hereby.

4825-8296-8320.1

3. The protected materials and all information in such materials referred to in Paragraph No. 1 shall be treated as confidential by the parties, their attorneys, and persons assisting their attorneys. The parties' attorney will inform each person to whom such information or materials are disclosed that such person is strictly forbidden by this Order to disclose such information or materials under any circumstances. If any documents or information contained in those documents covered by this Protective Order are used at deposition or in any other proceeding in this case, they shall be handled as confidential and maintained under seal from public view.

4. Documents, things, testimony, pleadings, various matters and information designated as Confidential:

(a) Except as provided herein, shall not be disclosed to anyone other than the Court and its staff, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

(b) If any party, attorney or individual shall disclose Confidential Information to a consultant or expert witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the nondisclosing party. If any party discloses confidential material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert

    agrees to be bound by the terms of this Protective Order. Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order; and

  (c) If any person to whom disclosure is permitted under this Protective Order is a nonparty witness or deponent who has not signed a Confidentiality Agreement in the form attached as Exhibit A, then it is the obligation of the disclosing party to ensure that such person is not permitted to retain or make copies of any confidential information disclosed to such person, whether such confidential information is contained in a deposition, brief, pleading, affidavit or other form. It is the intent of the parties hereto that documents designated as confidential not be used for any purpose outside the reasonable conduct of this case.

  5. Confidential materials and information shall not be used or disclosed by Plaintiff or his attorneys, except as necessary for the prosecution of claims in this action, and in no event shall they be disclosed to any person who is neither a party nor a potential witness to this action nor employed or consulted by a party's attorneys to assist those attorneys in the preparation of this case. Subject to the provisions of this Stipulated Protective Order, attorneys who represent a party in this case may disclose such materials and information or the contents thereof to secretaries, clerks, and paralegals as necessary to assist those attorneys.

  6. In the event that any party uses these materials or any information contained in these materials in connection with any pretrial motion or at trial, such materials and information will not be made part of the public record, and the Court shall not permit disclosure of any such materials, contents or any portion thereof except as provided herein. Subject to the provisions of this Stipulated Protective Order, attorneys who represent a party in this case may disclose such materials and information or the contents thereof to secretaries, clerks, and paralegals as necessary to assist those

attorneys.

7.      Should Plaintiff object to the designation of a document as "CONFIDENTIAL", Plaintiff shall, in writing, notify Tyson's attorneys of such objection. The parties will first attempt to dispose of such dispute in good faith on an informal basis. Thereafter, Plaintiff shall have the right at any time up to ten (10) days before trial to apply by motion to the Court for a ruling that the document need not be treated as confidential under this Order. The document subject to challenge shall be treated as confidential under this Order until such designation is changed by agreement of the parties or order of the Court.

8.      Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial, or otherwise before the Court, any materials protected by this Stipulated Protective Order, but any such materials shall only be used, and their confidentiality protected, as determined and directed by the trial Court.

9.      Upon final determination of this action, including all appeals, Plaintiff has the option of either (a) destroying the documents protected under this Stipulated Protective Order and any copies made in a confidential manner and providing Tyson's attorneys with a written affirmation of this action, or (b) returning the documents protected under this Stipulated Protective Order and any copies made to Tyson's attorneys.

10.     This Court shall maintain its copies of the materials protected under this Stipulated Protective Order under seal and shall not permit them to be inspected by the public.

11.     By approval of this Protective Order, counsel for the parties agree that the parties and counsel for the parties are bound by the conditions of this Protective Order.

12.     Execution of this Protective Order does not constitute a waiver of any objections raised by Tyson to the production of any documents or information even if such documents or information are encompassed within this Protective Order.

Dated this 5th day of October, 2005.

        MARCO MEDINA-SALAS, Plaintiff

        By  s/ Joy A. Shiffermiller
            Joy A. Shiffermiller, Esq. #18164
            Shiffermiller Law Office
            3930 South Street, Suite 101
            Lincoln, NE  68506
            (402) 484-7700

Dated this 5th day of October, 2005.

        TYSON FRESH MEATS, INC., Defendant

        By  s/ Marcia A. Washkuhn
            Marcia A. Washkuhn #21022
            Kutak Rock LLP
            The Omaha Building
            1650 Farnam Street
            Omaha, NE  68102-2186
            (402) 346-6000

Dated this 7th day of October, 2006.

        BY THE COURT

        s/ *David L. Piester*
        David L. Piester
        United States Magistrate Judge

Exhibit A

**CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulation for Protective Order and Protective Order dated October ___, 2005 entered by the United States District Court for the District of Nebraska in the action entitled *Marco Medina-Salas v. Tyson Fresh Meats, Inc.,* 4:05CV3211, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

Dated this _____ day of _____, 20___.

_____